## CROW v. FRENCH.

If the appellant neglects to file his recognizance, in the district court, within the time granted, it is not error in the court to dismiss the appeal.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J.    Assumpsit on a promissory note.   Action before a justice of the peace.   Judgment for plaintiff, and an appeal taken to the district court.

In that court, a motion was made to dismiss the appeal on the ground that a sufficient appeal bond had not been filed. It was therefore ruled that the appellant should file new recognizance by the time the case was reached in order, or that the appeal should be dismissed.   The rule not having been obeyed, the appeal was accordingly dismissed.   On the next day, counsel moved to have the cause reinstated, upon filing sufficient recognizance, but this motion was overruled.   It is now contended that the court erred in dismissing the appeal.

There is no foundation for the objection urged.   The court could not have decided differently under the statutes. An opportunity was afforded the appellant to perfect his

recognizance. The statute provides that no appeal shall be dismissed on account of a defective recognizance, "if the appellant will, before the motion to dismiss is determined enter, before the district court, into such recognizance as he ought to have entered into before the allowance of the appeal and pay all costs that shall be incurred by reason of such defect or omission." Rev. Stat. 335, § 11.

The fact that the case came on for hearing sooner than counsel advised or expected, and during his absence from court, is not sufficient reason for neglecting to comply with this statute, within the ruling of the court. In this case the new recognizance was not filed in time, nor does it appear that the necessary costs were paid. The filing of a new recognizance the day after the cause was disposed of and the absence of appellant's attorney at the trial are not sufficient reasons for disturbing the sound discretion of the court below, in refusing to reinstate the case.

Judgment affirmed.

*J. C. Hull*, for plaintiff in error.

*Geo. C. Dixon*, for defendant.